Joshua L. Hedlund
BOP Register #98166-111
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

Pro Se

FILED
JUL 23 2010
CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

In re ) Case No. 09-57539-ASW
)
JOSHUA L. HEDLUND, ) Chapter 7
)
)
Debtor. )
)
)

MEMORANDUM IN OPPOSITION OF ABANDONMENT
OF INTERESTS IN REAL PROPERTY

Joshua L. Hedlund ("Debtor"), appearing pro se in this memorandum, moves this Court to grant a hearing date and time as an objection has been filed and served in accordance with Rule 9014-1 of the Bankruptcy Local Rules for the Northern District of California.

On or about September 4, 2009 Debtor's attorney, Judson Farley, filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Subsequently, on or about March 12, 2010 said case was converted to one under the Chapter 7 Bankruptcy Code and John W. Richardson ("Trustee") was appointed as the Chapter 7 Trustee. This involuntary conversion was ordered by this Court in violation of 11 U.S.C. §1112(c) and the Motion to Convert was based upon incorrect information. The Debtor should still be in a Chapter 11 proceeding and Debtor contends that certain acts and proceedings against Debtor and bankruptcy estate are stayed as provided in 11 U.S.C. § 362.

In order to determine whether property is burdensome to the estate and that the property has no value for the bankrupcty estate that property may be abandoned under 11 U.S.C. § 554, Trustee must ascertain property's fair market value and

- 1 -

Case: 09-57539   Doc# 91   Filed: 07/23/10   Entered: 07/23/10 11:44:02   Page 1 of 7

amount and validity of outstanding liens against the properties. Trustee has failed to show that the five parcels are burdensome to the estate.

## I. TRUSTEE HAS NOT ESTABLISHED FAIR MARKET VALUE

Trustee has presented no actual evidence related to the fair market value of the real property. Trustee offers no affirmative proof of actual fair market value of real property. For the three parcels located in Santa Cruz the Trustee has not listed the properties and offers no support to his assertion that there is no value in the properties for the bankruptcy estate.

Trustee has made no independent effort to determine the fair market value of the real property located in Santa Cruz, and has not followed commercially reasonable methods to show that these three parcels offer no value to the bankruptcy estate. Buildable lots in Santa Cruz in the Upper Westlake school district are difficult to find, the two lots owned by the Debtor have unobstructed Ocean views and are worth in excess of the debts against them. The parcels should be listed, and marketed, for a reasonable period of time so that the Trustee can verify that infact these parcels are valuable to the bankruptcy estate.

Trustee has not had any independent party investigate the value of the real property located in Santa Cruz. Trustee has, instead, relied upon the representations of the lenders and the Debtor's Bankruptcy Schedules in order to establish the value of the properties for the bankruptcy estate. Trustee needs to engage an independent third party to investigate the existence of equity in the property.

Review of all of the currently listed unimproved lots in the Woodacre, California area reveals that the two lots are the least expensive currently being advertised on the Multiple Listing Service. These two lots have designed septic systems, improved road access, unobstructed views, and southwest exposure while the other lots listed do not. The valuation offered by the "independent broker" is not supported by the comparable listings and these two parcels have equity.

- 2 -
Case: 09-57539    Doc# 91    Filed: 07/23/10    Entered: 07/23/10 11:44:02    Page 2 of 7

## II. REAL PROPERTY IS NECESSARY FOR EFFECTIVE REORGANIZATION

Debtor has Reorganization Plan that can be promptly submitted to the Court that establishes the necessity of this real property to effective reorganization. This real property is not surplus property and in Debtor's Plan of reorganization this real property is essential. Debtor's Plan has a high probability of confirmation because all creditors will be paid in a reasonable period of time. In the Plan this real property is essential for operation of business and effective reorganization.

## III. CHAPTER 11 CASE COULD NOT HAVE BEEN CONVERTED

The Debtor is a timber farmer and meets the definition under 11 U.S.C.C §101. Debtor's bankruptcy case could not have been involuntarily converted to Chapter 7 under 11 U.S.C.S § 1112(c).

Without proper notice to the Debtor and without any objection by Debtor's attorney Judson Farley the Motion to Convert was granted. The Motion was based on inaccurate information and under 11 U.S.C.S § 1112(c) could not have been granted.

Due to Debtor's incarceration, Debtor's attorney Judson Farley ("attorney") prepared and filed the Chapter 11 bankruptcy petition and schedules without Debtor's review. Debtor referred attorney to the financial declarations of assets and liabilities made to the United States Probation Office and the Department of Justice in Debtor's criminal case CR 06-00346 DLJ. Debtor expected that the petition and schedules would contain identical information to these declarations., and that any errors would be amended. Debtor's review of the current schedules shows that these amendments have not occurred and that the schedules are not accurate.

Debtor was verbally informed that the bankruptcy case was involuntarily converted to Chapter 7 based upon no Monthly Operating Reports being filed, a bankruptcy filing of case 10-10347 stating an incorrect interest of Debtor

- 3 -

Case: 09-57539   Doc# 91   Filed: 07/23/10   Entered: 07/23/10 11:44:02   Page 3 of 7

of 51% in Larabee Land and Cattle Trust, that Debtor was unavailable for a telephonic 341 meeting, and that Debtor would be released from incarceration in 2012. Debtor sought additional legal advice because the information in the Motion to Convert was inaccurate, yet was not objected to by Debtor's attorney. Debtor had delivered all Monthly Operating Reports to attorney on time. Debtor had accurately represented ownership interest of under 20% in Larabee Land and Cattle Trust and made sure that the Statement of Financial Affairs was correctyly amended in Case 10-10347. Debtor verified that the information provided to attorney was correct and that a conference call for a telephonic 341 meeting is possible. Debtor verified that Debtor will be released on or before December 17, 2010 based on Early Release Eligibility from enrollment in Residential Drug Program while incarcerated. Debtor spoke to multiple other attorneys about curing the errors in the Motion to Convert and converting the Chapter 7 back to a Chapter 11. Debtor informed trustee Jon Richardson's attorney Charles Maher of these matters and attorney Charles Maher recommended retaining alternate counsel because of the errors made in this case. If these errors had not been made it is unlikely that the Motion to Convert would have been filed.

Debtor's case was converted due to attorney error and in contradiction to the restriction of involuntarily conversion to Chapter 7 for a farmer as defined in 11 U.S.C.S §1112(c). This case should still be a Chapter 11 voluntary reorganization.

### IV. LENDER HAS AN UNPERFECTED SECURITY INTEREST

Debtor has been informed that the lender on 102 Hillcrest Terrace, Santa Cruz has an unperfected security interest. Debtor has written to lender and has requested that the lender produce the original loan documents to show that the lender was in compliance with RESPA, the Truth-in-Lending Act, and

- 4 -

Consumer Regulation Z §§ 226.15(a)(2) and 226.23(a)(2). Lender has, so far, been unable to produce the original loan documents and have not shown that their alleged security interest is in compliance with the law. Abandonment under 11 U.S.C. § 554 is improper where creditor's purchase money security in property is not properly perfected, thus creditor's interest is subordinate to Chapter 7 trustee's under 11 U.S.C. § 544(a).

## V. IMPROPER NOTICE

Trustee is aware of additional creditors than are listed on the existing Schedules. Trustee is aware that Marigold LLC has a secured interest in all of the five parcels that the Trustee proposes to abandon, yet the Trustee has not notified the lender. The Trustee is aware of unsecured creditors that have performed services in the development of the five parcels yet the Trustee has not notified these unsecured creditors. Trustee has not responded to Debtor's repeated requests to revise the Schedules and to notify the creditors. The abandonment has not been properly noticed and is not in conformity with Rule 9014-1 of the Bankruptcy Local Rules for the Northern District of California.

WHEREFORE, Debtor respectfully prays for an order of this Court as follows:

1. That the Court set a hearing date and time and that the Court set up a court initiated telephonic hearing with Counselor Isaacson at 320-245-6426.

2. That the Court grant to the Debtor the right to reserve and file such further answers and defenses as may be appropriate.

3. That the Court order notification of the secured and unsecured creditors so that they may participate in the hearing.

4. That the Court grant all parties at least 30 days in which to investigate the existence of equity in the real property.

- 5 -

5. That the Court reinstate the Automatic Stay for any of the property of the bankruptcy estate where relief has been granted based upon that this Chapter 7 conversion occurred in violation of 11 U.S.C. § 1112(c).

6. That the Court grant the Debtor the right to submit supporting documents regarding the illegal conversion of the Chapter 11 case to a Chapter 7 case in violation of 11 U.S.C. § 1112(c) and allow the Debtor to submit it's Reorganization Plan.

7. That the Court grant and award to Debtor such other and further relief as it may deem just and proper.

I, Joshua L. Hedlund, declare under the laws of the United States of America, under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Signed this July 19th, 2010 in Sandstone, Minnesota.

                                    Joshua L. Hedlund
                                    Register #98166-111
                                    Pro Se

```
Joshua L. Hedlund
BOP Register #98166-111
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

Pro Se
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re                                    ) Case No. 09-57539-ASW
                                         )
JOSHUA L. HEDLUND                        ) Chapter 7
                                         )
        Debtor.                          )
                                         )
                                         )
_____)

## CERTIFICATE OF SERVICE

I, the undersigned, state that I am a citizen of the United States, that I am over the age of eighteen (18) years and not a party to the within action; that my address is Federal Correctional Institution, P.O. Box 1000, Sandstone, Minnesota, that on the date set out below, I served a copy of the attached document:

**MEMORANDUM IN OPPOSITION OF ABANDONMENT OF INTERESTS IN REAL PROPERTY**

upon each party listed below with a mailing address by placing such a copy, enclosed in a sealed envelope, with prepaid postage thereon, in the United States mail at Sandstone, Minnesota, addressed to each party with a mailing address listed below.

Clerk of the United States Bankruptcy Court
280 South First Street
San Jose, California 95113

Charles P. Maher
LUCE, FORWARD, HAMILTON & SCRIPPS, LLP
121 Spear Street, Suite 200
San Francisco, CA 94105

I declare under penalty of perjury that the foregoing is true and correct. Executed at Sandstone, Minnesota on July 20, 2010

By: _____
    Donald Roth