Joshua L. Hedlund
BOP Register # 98166-111
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

Pro Se

FILED
FEB 14 2011
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>JOSHUA L. HEDLUND<br><br>    Debtor. | Case No. 09-57539<br><br>Chapter 7 |

### MOTION FOR ORDER VOIDING FORECLOSURE SALE

PLEASE TAKE NOTICE that at the date and time specified above, at the United States Bankruptcy Court, 280 S. First Street, San Jose CA 95113, Joshua L. Hedlund, acting Pro Se in this matter before the Court will and hereby does, move the Court for the entry of an order to void the foreclosure sale and rescind the transfer of title pursuant to 11 U.S.C. § 105 and § 362 and to grant standing to Joshua L. Hedlund to bring this Motion in order to (1) avoid injury resulting from Chapter 7 Trustee's failure to bring claims; and (2) to preserve the bankruptcy estate because the Chapter 7 Trustee has taken no action to recover the property.

In support of this motion, Joshua L. Hedlund requests the Court to take judicial notice of its own records in this case, as well as the accompanying Memorandum of Points and Authorities, and the Declaration of Joshua L. Hedlund in support thereof.

Joshua L. Hedlund brings this motion on the grounds that: (1) 1777 Sprowell

- 1 -

Creek, Garberville, California (hereinafter "Property") is property of the Bankruptcy Estate; (2) Joshua L. Hedlund had equitable title to the Property prior to the filing of the bankruptcy petition until present; (3) Legal title to the Property was transferred from H & H Capital Management, LLC to Joshua L. Hedlund on November 17, 2010 in consideration of services performed pre-petition; (4) The Bankruptcy Schedules were amended on November 18, 2010 to show the Property as part of the Bankruptcy Estate; (5) Placer Foreclosure and John E. Fetzer acknowledge they were informed on November 18, 2010 of the Amended Schedules; (6) On November 19, 2010 Placer Foreclosure and John E. Fetzer violated the Automatic Stay when they held a foreclosure sale of the Property and transferred the Property via Trustee Deed to John E. Fetzer; (7) The Chapter 7 Trustee has taken no action to recover the Property.

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND

1. A petition under Chapter 11 of the Bankruptcy Code was filed for Joshua L. Hedlund (hereinafter "Debtor") on or about September 4, 2009. The case was converted to chapter 7 on or about March 12, 2010.

2. John W. Richardson (hereinafter "Trustee") is the chapter 7 trustee in this case. Charles Maher is the attorney for the Trustee.

3. John E. Fetzer is a lender with a secured lien against 1777 Sprowell Creek Road, Garberville, California. Placer Foreclosure is the foreclosure company that is employed by John E. Fetzer to foreclose upon 1777 Sprowell Creek ("Property").

4. Debtor is informed and believes that soon after March 12, 2010 the Trustee instructed all Humboldt County Title companies to not insure the Property without Bankruptcy Court approval.

5. H & H Capital Management, LLC is a California Limited Liability company that Debtor has a partnership interest in. H & H Capital Management, LLC held

- 2 -

title to the Property until November 18, 2010. (hereinafter "H & H").

6. On or about July 16, 2010 Trustee filed a Motion for Substantive Consolidation in an attempt to consolidate the assets of the entities which were related to Debtor into this bankruptcy case, including the assets of H & H.

7. On or about August 5, 2010 Trustee was informed by the Debtor that he had the ability to sell or refinance the Property but that he was prohibited by the Trustee representing to Title Companies that Trustee controlled the Property.

8. On or about August 19, 2010 Debtor filed an Opposition to the Motion for Substantive Consolidation.

9. On or about August 26, 2010 Debtor asked the Court to allow the refinance or sale of the Property. The Court ordered that this was not to occur until the Motion for Substantive Consolidation was heard.

10. On or about October 27, 2010 the Court determined that there was substantial equity in the Property. John E. Fetzer and Placer Foreclosure were restrained from continuing with the foreclosure proceedings against the Property effective through November 29, 2010. This was regarding Adversary Proceeding No. 10-5116.

11. On or about November 16, 2010 Debtor received a Notice of Dismissal of Adversary Proceeding No. 10-5116. This Notice was electronically filed November 11, 2010. The dismissal was without prejudice to actions the Debtor may take.

12. On or about November 16, 2010 Debtor was informed that the Property was scheduled to be foreclosed upon on November 19, 2010.

13. On or about November 18, 2010 Debtor was granted Fee Simple title to the Property from H & H. This transfer was through a partnership distribution from H & H for pre-petition business Debtor conducted for H & H.

14. On or about November 18, 2010 Debtor received the Property because of actions taken by the Debtor during prebankruptcy.

15. Debtor is informed and believes, and thereon alleges, that he had

- 3 -

Case: 09-57539   Doc# 162   Filed: 02/14/11   Entered: 02/14/11 09:57:13   Page 3 of 6

equitable title of the Property for the duration of the bankruptcy case and pre-petition.

16. On or about November 18, 2010 Debtor amended Bankruptcy Schedules A and D to reflect his ownership of the Property.

17. On or about November 18, 2010 Debtor informed Trustee of the Amended Schedules and that Fee Simple legal Title had been conveyed by H & H to Debtor.

18. On or about November 18, 2010 Debtor is informed and believes that John E. Fetzer and Placer Foreclosure were informed of the conveyance of the Property to Debtor and acknowledged receipt of the amended Bankruptcy Schedules.

19. Debtor is informed and believes, and thereon alleges, that John E. Fetzer and Placer Foreclosure willfully violated the automatic stay of bankruptcy and foreclosed upon the Property on or about November 19, 2010.

20. On or about November 22, 2010 Trustee dismissed the Motion for Substantive Consolidation.

21. On or about December 7, 2010 Debtor was informed that the Property had been foreclosed upon and that legal title had been transferred to John E. Fetzer.

22. On or about December 7, 2010 Debtor informed Trustee of foreclosure sale, and asked the Trustee to recover the property for the Bankruptcy Estate.

23. To date the Trustee has taken no action regarding the Property to void the foreclosure sale and transfer to John E. Fetzer. The Trustee believes that clarification is required for an order voiding a foreclosure sale on a deed of trust executed by a person or entity other than the Debtor. Debtor purchased the Property subject to the existing liens, in exactly the same manner as H & H Capital Management LLC had purchased the Property subject to the existing liens. The Debtor is responsible for the liens and the Property is a part of the Bankruptcy Estate. The Stay of Bankruptcy extends to all of the property and liens.

## DISCUSSION

24. Automatic stay extends to virtually all formal and informal action

- 4 -

against property of the bankruptcy estate, and actions taken in violation of stay are generally void, even if creditor had no notice of stay.

25. Placer Foreclosure and John E. Fetzer acknowledged that the Property was part of the Bankruptcy Estate pursuant to the Amended Bankruptcy Schedules. Placer Foreclosure and John E. Fetzer violated the Automatic Stay when they conducted the foreclosure sale and transfer of the Property without first obtaining relief from stay from the bankruptcy Court. A creditor who receives notice of a debtor's bankruptcy filing has an affirmative duty to cease all activity with regard to the collection or enforcement of claims against the debtor. Gruntz v. County of Los Angeles (In re Gruntz), 202 F.3d 1074, 1087 (9th Cir 2000). If the creditor wishes to continue to prosecute his claim, he must first obtain relief from the bankruptcy court. Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1214 (9th Cir 2002)

26. Violations of automatic stay are void, as opposed to voidable. Schwartz v. U.S. (In re Schwartz) 954 F.2d 569, 575 (9th Cir 1992). Also See Blatnick v. Sanders 198 B.R. 326, 328-29 (Bankr. S.D. Cal. 1996)

27. Debtor may pursue an action on behalf of the estate when a trustee is unwilling to do so after seeking authorization from the Court. See, e.g., Hansen v. Finn (In re Curry and Sorensen, Inc.), 57 B.R. 824, 828 (B.A.P. 9th Cir 1986), See also In re Munoz, 111 B.R. 928 (Bankr. D. Cal. 1990) The Courts of appeals have agreed with the conclusion. E.g. Avalanche Mar. Ltd v Parekh (In re Parmetex, INc.) 199 F.3d 1029, 1031 (9th Cir 1999) (citing Curry and Sorensen)

28. Under 11 U.S.C. § 105 and 11 U.S.C. § 362 the Court has the authority to void the foreclosure sale and rescind the transfer of the Property to John E. Fetzer. The Property has significant equity that is a benefit to the Bankruptcy Estate. Debtor has financing available to pay in full the loan to John E. Fetzer so that no harm or prejudice will be suffered by John E. Fetzer as a result of a decision to void the foreclosure sale and rescind the transfer.

Case: 09-57539   Doc# 162   Filed: 02/14/11   Entered: 02/14/11 09:57:13   Page 5 of 6

## CONCLUSION

Based on the foregoing, Debtor requests that the Court enter an order rescinding the transfer to John E. Fetzer via Trustee Deed and voiding the foreclosure sale that was conducted on November 19, 2010 for 1777 Sprowell Creek Road, Garberville, California APN:222-156-006 and allowing the refinance of the Property to satisfy the secured debt to John E. Fetzer, and for such other relief as the Court deems just and proper.

Dated: February 6, 2011                    JOSHUA L. HEDLUND, Debtor


By: /s/ Joshua L. Hedlund
Joshua L. Hedlund
Pro Se

- 6 -